Agron THANO; Zarije Thano; Arber Thano; Naureda Thano, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–72502.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 6, 2005.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Andrew M. Eschen, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FARRIS, THOMPSON, and BYBEE, Circuit Judges.

### MEMORANDUM *

Agron Thano (Thano), a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' (BIA) decision summarily affirming the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252(a). When, as here, the BIA summarily affirms the IJ's decision without opinion, the IJ's decision constitutes the final agency determination. *Halaim v. INS*, 358 F.3d 1128, 1131 (9th Cir.2004). We review the IJ's findings for substantial evidence. *Id.* Having carefully considered Thano's petition for review, we deny it.

■ We agree with Thano that the IJ's concern that Thano "may have embellished his testimony" is not an explicit adverse credibility finding. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). Such an implicit credibility observation is not permitted. *Mansour v. Ashcroft*, 390 F.3d 667, 671–72 (9th Cir.2004). Further, even if the IJ's statement were treated as an express adverse credibility finding, that finding is not supported by sufficiently specific and cogent reasons. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Consequently, because the IJ made an insufficient credibility finding we must treat Thano's testimony as true and credible. *See Mansour*, 390 F.3d at 672; *Kataria*, 232 F.3d at 1114.

■ Substantial evidence supports the IJ's finding that Thano failed to establish that he was a victim of past persecution. *See* 8 C.F.R. § 1208.13(b); *United States v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Thano contends that the numerous telephone threats he and his family received, together with the burglary of his store, robbery in the store at gunpoint, and the threatened kidnaping of his children compel a finding of past persecution. However, there was no showing that the burglary, robbery or threatened kidnaping related in any way to Thano's political beliefs.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The numerous threats of violence were politically motivated; however, we have held that "[t]hreats standing alone … constitute past persecution in only a small category of cases and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000); *see also Marcos v. Gonzales,* 410 F.3d 1112, 1116, 1119 (9th Cir.2005) (petitioner's testimony that he had received radio and telephone threats, sometimes as often as three to five times a day, not sufficient to compel a finding of past persecution). Here, there was no evidence that the verbal threats ever materialized into any actual harm to Thano, his family, or anyone he knew in his same situation. Nor was there any evidence that the store burglary, robbery or the threat of kidnaping were related to the political threats. *See Shoafera v. INS,* 228 F.3d 1070, 1078 (9th Cir.2000) (holding that asylum-seeker must establish a nexus between persecution and membership in a protected class). As a result, the evidence is insufficient to compel a finding that Thano suffered past persecution on account of a protected classification.

■ Substantial evidence also supports the IJ's finding that Thano failed to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b); *United States v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "Specific threats can give rise to a well-founded fear of future persecution, even when a petitioner has not suffered past persecution." *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1137 (9th Cir.2004). However, as noted above, the threats Thano received over many years went unfulfilled, and there is no indication that actual harm would ever occur. The record evidence does not compel the conclusion that Thano has a well-founded fear of future persecution.

Thano does not qualify for withholding of removal or relief under the CAT. Because Thano does not meet the requirements for asylum, he also fails to satisfy the more stringent standard for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Nor did Thano present evidence sufficient to satisfy his burden to demonstrate that he would more likely than not be subject to torture if forced to return to Albania. *See* 8 C.F.R. § 208.16(c)(2); *Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003).

PETITION FOR REVIEW DENIED.